RENDERED: SEPTEMBER 28, 2017
TO BE PUBLISHED

# Supreme Court of Kentucky

2017-SC-000365-KB

KENTUCKY BAR ASSOCIATION                                    MOVANT

V.                          IN SUPREME COURT

JERRY L. ULRICH                                            RESPONDENT

## OPINION AND ORDER

On March 2, 2017, the Indiana Supreme Court suspended Jerry L. Ulrich from the practice of law for six months, to be probated for two years.[1] Thereafter, the KBA filed a petition with this Court asking that we impose reciprocal discipline pursuant to SCR 3.435(4). We ordered Ulrich to show cause why we should not impose such discipline and he did not respond in a timely manner.[2] Because Ulrich failed to show cause as to why we should not impose reciprocal discipline, this Court hereby suspends him from the practice

---

[1] Ulrich was admitted to the practice of law in the Commonwealth of Kentucky on October 1, 1974. His bar roster address is 115 E. Spring St., Ste. 100, New Albany, Indiana, 47150, and his KBA number is 72320.

[2] Ulrich filed his response to the KBA's motion for reciprocal discipline late. He then filed a motion for enlargement of time, to which the KBA had no objection. Even if we were to grant Ulrich's motion for an enlargement of time and consider Ulrich's otherwise untimely response, he failed to prove "by substantial evidence: (a) a lack of jurisdiction or fraud in the [Indiana] disciplinary proceeding, or (b) that misconduct established warrants substantially different discipline in this State." SCR 3.435(4). Therefore, we deny the motion for enlargement of time as moot.

of law for six months, probated for two years, as consistent with the order of the Indiana Supreme Court.

## I. BACKGROUND

Ulrich represented a client in a personal injury suit and ultimately settled the claim. After the settlement, he filed suit against two underinsured motorist policies and against the client's insurer, Medicare. Ulrich retained the settlement funds until Medicare's lien could be resolved. Several years later, during which time Ulrich was often unavailable to meet with his client, the client hired a new attorney to represent him and obtain his share of the settlement.

Ulrich also failed to withdraw funds he had earned from his trust account from 2009-2015 due to inattention. He failed to keep individual client ledgers, and disbursed several checks made payable to "cash" from the account. In 2010, 2015, and 2016, Ulrich made online banking transfers from the trust account that did not have written withdrawal authorization, as required by the Indiana Admission and Discipline Rules.

The Indiana Supreme Court held that Ulrich violated Indiana's equivalent of Kentucky's SCR 3.130-1.3 for failing to act with reasonable diligence and promptness in representing his client; -1.4(a)(3) for failing to keep his client reasonably informed about the status of his case; -1.15(a) for commingling client and attorney funds and failing to maintain complete records of client trust funds; and -1.15(b) for failing to promptly deliver funds to which the client is entitled. In addition to these violations, the Indiana Supreme Court

2

also found that Ulrich violated three Indiana Admission and Discipline Rules for which Kentucky has no counterpart.

## II. ANALYSIS

If an attorney licensed to practice law in this Commonwealth receives discipline in another jurisdiction, SCR 3.435(4) generally requires this Court to impose identical discipline. Furthermore, SCR 3.435(4)(c) requires this Court to recognize that "[i]n all other respects" a final adjudication of misconduct in another jurisdiction establishes conclusively the same misconduct for purposes of a disciplinary proceeding in Kentucky. Pursuant to SCR 3.435(4), we impose reciprocal discipline as Ulrich failed to prove "by substantial evidence: (a) a lack of jurisdiction or fraud in the [Indiana] disciplinary proceeding, or (b) that misconduct established warrants substantially different discipline in this State."

## III. ORDER

Having failed to timely show sufficient cause, it is hereby ORDERED as follows:

1. Ulrich is hereby suspended from the practice of law in Kentucky for a period of six months, probated for two years, effective immediately from the date of entry of this Order; and

2. Pursuant to SCR 3.450, Ulrich is directed to pay the costs

3

associated with this proceeding, if any, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: September 28, 2017.

CHIEF JUSTICE